UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SHIVA STEIN, | : |
| Plaintiff, | : Case No. 1:22-cv-4474 |
| v. | : |
| | : **COMPLAINT FOR VIOLATIONS OF** |
| TRECORA RESOURCES, KAREN A. TWITCHELL, PATRICK D. QUARLES, NICHOLAS N. CARTER, GARY K. ADAMS, PAMELA R. BUTCHER, ADAM PEAKES, and JANET ROEMER, | : **SECTIONS 14(e), 14(d) AND 20(a) OF THE SECURITIES EXCHANGE ACT OF 1934** |
| | : **JURY TRIAL DEMANDED** |
| Defendants. | : |

---

Shiva Stein ("Plaintiff"), by and through her attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1. This is an action brought by Plaintiff against Trecora Resources ("Trecora or the "Company") and the members Trecora board of directors (the "Board" or the "Individual Defendants" and collectively with the Company, the "Defendants") for their violations of Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), in connection with the proposed acquisition of Trecora by an affiliate of Balmoral Funds, LLC ("Balmoral Funds").

2. Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading Solicitation Statement on Schedule 14D-9 (the "Solicitation Statement") to be filed on May 26, 2022 with the United States Securities and

Exchange Commission ("SEC") and disseminated to Company stockholders. The Solicitation Statement recommends that Company stockholders tender their shares in support of a proposed transaction whereby Balmoral Swan MergerSub, Inc. ("Merger Sub"), a wholly owned subsidiary of Balmoral Swan Parent, Inc. ("Parent"), will merge with and into Trecora, with Trecora continuing as the surviving corporation and becoming a wholly-owned subsidiary of Parent (the "Proposed Transaction"). Pursuant to the terms of the definitive agreement and plan of merger the companies entered into, dated May 11, 2022 (the "Merger Agreement"), each Trecora common share issued and outstanding will be converted into the right to receive: $9.81 in cash (the "Merger Consideration"). In accordance with the Merger Agreement, Merger Sub commenced a tender offer to acquire all of Trecora's outstanding common stock and will expire on June 24, 2022 (the "Tender Offer"). Merger Sub and Parent are affiliates of Balmoral Funds.

3.      Defendants have now asked Trecora's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Solicitation Statement, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act. Specifically, the Solicitation Statement contains materially incomplete and misleading information concerning, among other things, (i) Trecora's financial projections relied upon by the Company's financial advisor, Guggenheim Securities, LLC ("Guggenheim") in its financial analyses; and (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinions provided by Guggenheim. The failure to adequately disclose such material information constitutes a violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act as Trecora stockholders need such information in order to tender their shares in support of the Proposed Transaction.

4. It is imperative that the material information that has been omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the expiration of the tender offer.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to Trecora's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(e), 14(d), and 20(a) of the Exchange Act and SEC Rule 14a-9.

7. Personal jurisdiction exists over each Defendant either because each is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because the Company trades on the New York Stock Exchange, which is headquartered in this District.

## PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of Trecora common stock and has held such stock since prior to the wrongs complained of herein.

10. Individual Defendant Karent A. Twitchell has served as a member of the Board since 2015 and is the Chair of the Board.

3

11. Individual Defendant Patrick D. Quarles has served as a member of the Board since 2018 and is the Company's President and Chief Executive Officer.

12. Individual Defendant Nicholas N. Carter has served as a member of the Board since 2004.

13. Individual Defendant Gary K. Adams has served as a member of the Board since 2012.

14. Individual Defendant Pamela R. Butcher has been a member of the Board since 2016.

15. Individual Defendant Adam Peakes has served as a member of the Board since 2019.

16. Individual Defendant Janet Roemer has served as member of the Board since 2019.

17. Defendant Trecora is incorporated in Delaware and maintains its principal offices at 1650 Highway 6 South, Suite 190, Sugar Land, TX 77478. The Company's common stock trades on the New York Stock Exchange under the symbol "TREC."

18. The defendants identified in paragraphs 10-16 are collectively referred to as the "Individual Defendants" or the "Board."

19. The defendants identified in paragraphs 10-17 are collectively referred to as the "Defendants."

**SUBSTANTIVE ALLEGATIONS**

A. **The Proposed Transaction**

20. Trecora manufactures and sells various specialty petrochemicals products and specialty waxes in the United States. It operates through two segments, Specialty Petrochemicals and Specialty Waxes. The Specialty Petrochemicals segment offers hydrocarbons and other petroleum-based products, such as isopentane, normal pentane, isohexane, and hexane used in the

4

production of polyethylene, packaging, polypropylene, expandable polystyrene, poly-iso/urethane foams, crude oil from the Canadian tar sands, and in the catalyst support industry. It also owns and operates natural gas pipelines. The Specialty Waxes segment provides specialty polyethylene waxes for use in the paints and inks, adhesives, coatings, and PVC lubricants; and specialized synthetic poly alpha olefin waxes for use as toner in printers and as additives for candles. This segment also provides custom processing services. The Company was formerly known as Arabian American Development Company and changed its name to Trecora Resources in June 2014. Trecora was incorporated in 1967 and is headquartered in Sugar Land, Texas.

21. On May 11, 2022, Trecora announced the Proposed Transaction:

> SUGAR LAND, Texas, May 11, 2022 /PRNewswire/ -- Trecora Resources ("Trecora" or the "Company") (NYSE: TREC), a leading provider of specialty hydrocarbons and specialty waxes, and an affiliate of Balmoral Funds, LLC (together with its consolidated subsidiaries, "Balmoral") today announced that they have entered into a definitive merger agreement (the "Merger Agreement") pursuant to which Balmoral agreed to acquire Trecora for $9.81 per share in cash in a transaction that values the Company at an enterprise value of $247 million, which represents approximately 11.4x our 2021 adjusted EBITDA.
>
> Under the terms of the Merger Agreement, which has been approved by the Trecora Board of Directors (the "Trecora Board"), Balmoral will commence a tender offer to acquire all outstanding shares of Trecora's common stock, par value $0.10 per share (the "Trecora Common Stock") for $9.81 per share in cash. The purchase price represents a 29.9% premium to Trecora's closing stock price on May 10, 2022.
>
> "Under the oversight of our Board of Directors and with the support of our talented team, we have worked diligently to enhance our execution, maximize operating efficiencies and reposition the Company for growth," said Pat Quarles, Trecora's President and Chief Executive Officer. "We are excited to enter this new chapter with Balmoral, which shares our enthusiasm for the future of our business and our opportunities for growth. With Balmoral's support, we remain deeply committed to supporting our customers with the quality and service level they have come to depend on us for."

5

Karen Twitchell, Chair of the Trecora Board, added, "We are pleased to have reached this agreement with Balmoral. The transaction announced today follows careful consideration and negotiation by the Board and concludes a deliberate and comprehensive strategic review process undertaken over the past seven months with the assistance of our independent financial advisor. Beginning in October 2021, we contacted 72 financial and strategic acquirers and held discussions with a number of parties, including Balmoral, through a formal, competitive process. Our Board believes this transaction maximizes value for shareholders, who will receive a significant premium and immediate and certain value for their shares."

David Shainberg, Managing Director of Balmoral, said, "We are delighted to announce this transaction with Trecora and are eager to execute on its growth plan. Having followed Trecora for years, we're encouraged by its strong customer relationships and product demand. This is Balmoral's fourth acquisition in the chemicals sector and we are excited to contribute to Trecora's continued success as a private company."

"I applaud Trecora's Board of Directors for recognizing alternative value creation opportunities for Trecora and for displaying disciplined attention to its fiduciary duties as representatives of the Company's shareholders," said Bradley L. Radoff, one of the Company's largest shareholders. "I have long thought that the best risk-adjusted outcome for Trecora and its shareholders is a sale of the Company, and I am proud that my constructive engagement with the Company over the last several months has helped lay the groundwork for this important transaction to unlock shareholder value. I commend the Board for its responsiveness to shareholder input and for conducting a thorough and deliberate process to deliver a transaction at a valuation that I support."

**Conditions and Approvals**

The closing of the transaction is subject to customary closing conditions, including the expiration or termination of certain regulatory periods and the tender of shares representing at least a majority of the Company's outstanding common stock to Balmoral, and is expected to close in the third quarter. Following the successful completion of the tender offer, Balmoral will acquire all remaining shares not tendered in the tender offer through a second-step merger at the same price.

>Upon completion of the transaction, Trecora will become a privately held company and shares of Trecora Common Stock will no longer be listed on any market.
>
>Guggenheim Securities is acting as exclusive financial advisor to Trecora and Morgan, Lewis & Bockius LLP and Vinson & Elkins L.L.P. are serving as legal advisors to Trecora. Piper Sandler & Co. is acting as financial advisor and Blank Rome LLP is acting as legal advisor to Balmoral.

\* \* \*

22.     It is therefore imperative that Trecora's stockholders are provided with the material information that has been omitted from the Solicitation Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests.

**B.**     **The Materially Incomplete and Misleading Solicitation Statement**

23.     On MAy 26, 2022, Trecora filed the Solicitation Statement with the SEC in connection with the Proposed Transaction.  The Solicitation Statement was furnished to the Company's stockholders and solicits the stockholders to tender their shares in support of the Proposed Transaction.  The Individual Defendants were obligated to carefully review the Solicitation Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Solicitation Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to tender their shares, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act.

*Omissions and/or Material Misrepresentations Concerning Company Financial Projections*

24.     The Solicitation Statement fails to provide material information concerning financial projections by Trecora management and relied upon by the financial advisors in their analyses. The Solicitation Statement discloses management-prepared financial projections for the

Company which are materially misleading. The Solicitation Statement indicates that in connection with the rendering of its fairness opinion, that the Company prepared certain non-public financial forecasts (the "Projections") and provided them to the Board and the financial advisors with forming a view about the stand-alone valuation of the Company. Accordingly, the Solicitation Statement should have, but fails to provide, certain information in the projections that Trecora management provided to the Board and the financial advisors. Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors. Investors can come up with their own estimates of discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-203 (Del. Ch. 2007).

25. For the Projections prepared by Company management for Trecora for fiscal years 2022 through 2026, the Solicitation Statement provides values for non-GAAP (Generally Accepted Accounting Principles) financial metric: Adjusted EBITDA, but fails to disclose a reconciliation of this non-GAAP metric to its most comparable GAAP measure, in direct violation of Regulation G.

26. When a company discloses non-GAAP financial measures in a Proxy Statement that were relied on by a board of directors to recommend that stockholders exercise their corporate suffrage rights in a particular manner, the company must, pursuant to SEC regulatory mandates, also disclose all projections and information necessary to make the non-GAAP measures not misleading, and must provide a reconciliation (by schedule or other clearly understandable method) of the differences between the non-GAAP financial measure disclosed or released with the most comparable financial measure or measures calculated and presented in accordance with GAAP. 17 C.F.R. § 244.100.

27. The SEC has noted that:

> companies should be aware that this measure does not have a uniform definition and its title does not describe how it is calculated. Accordingly, a clear description of how this measure is calculated, as well as the necessary reconciliation, should accompany the measure where it is used. Companies should also avoid inappropriate or potentially misleading inferences about its usefulness. For example, "free cash flow" should not be used in a manner that inappropriately implies that the measure represents the residual cash flow available for discretionary expenditures, since many companies have mandatory debt service requirements or other non-discretionary expenditures that are not deducted from the measure.[1]

28. Thus, to cure the Solicitation Statement and the materially misleading nature of the forecasts under SEC Rule 14a-9 as a result of the omitted information in the Solicitation Statement, Defendants must provide a reconciliation table of the non-GAAP measure to the most comparable GAAP measure to make the non-GAAP metric included in the Solicitation Statement not misleading.

29. Further, the Solicitation Statement fails to disclose the Company's Unlevered Free Cash Flow as calculated by Guggenheim for its *Discounted Cash Flow Analysis*.

*Omissions and/or Material Misrepresentations Concerning Guggenheim's Financial Analyses*

30. With respect to Guggenheim's *Discounted Cash Flow Analysis*, the Solicitation Statement fails to disclose: (i) the Company's Unlevered Free Cash Flow and the line items used for its calculation; (ii) the Company's terminal value at the end of the projection horizon; (iii) the inputs and assumptions underlying the discount rate range of 11.00% --12.70%; (iv) the Company's weighted average cost of capital; and (v) the inputs and assumptions underlying the perpetual growth rate range of 1.50% --2.50%.

---

[1] U.S. Securities and Exchange Commission, Non-GAAP Financial Measures, last updated April 4, 2018, available at: https://www.sec.gov/divisions/corpfin/guidance/nongaapinterp.htm

31. With respect to Guggenheim's *Selected Publicly Traded Companies Analysis*, the Solicitation Statement fails to disclose the financial metrics for each comparable company selected by Guggenheim in the analysis.

32. With respect to Guggenheim's *Selected Precedent Merger and Acquisition Transactions Analysis*, the Solicitation Statement fails to disclose the financial metrics for each transaction selected by Guggenheim in the analysis.

33. With respect to Guggenheim's *LBO Analysis*, the Solicitation Statement fails to disclose: (i) the inputs and assumptions underlying the 5-year internal rate of return ranging from 17.5% to 22.5%; and (ii) the inputs underlying the assumed exit EBITDA multiple range of 7.0x – 8.0x.

34. In sum, the omission of the above-referenced information renders statements in the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff will be unable to make a fully-informed decision regarding whether to tender his shares, and they are thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**On Behalf of Plaintiff Against All Defendants for
Violations of Section 14(e) of the Exchange Act**

35. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

36. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order

to make the statements made, in the light of the circumstances under which they are made, not misleading . . ." 15 U.S.C. § 78n(e).

37. Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, in conjunction with the Tender Offer. Defendants knew or recklessly disregarded that the Solicitation Statement failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

38. The Solicitation Statement was prepared, reviewed and/or disseminated by Defendants. It misrepresented and/or omitted material facts, including material information about the consideration offered to stockholders via the Tender Offer, the intrinsic value of the Company, the Company's financial projections, and the financial advisor's valuation analyses and resultant fairness opinion.

39. In so doing, Defendants made untrue statements of material fact and omitted material information necessary to make the statements that were made not misleading in violation of Section 14(e) of the Exchange Act. By virtue of their positions within the Company and/or roles in the process and in the preparation of the Solicitation Statement, Defendants were aware of this information and their obligation to disclose this information in the Solicitation Statement.

40. The omissions and misleading statements in the Solicitation Statement are material in that a reasonable stockholder would consider them important in deciding whether to tender their shares or seek appraisal. In addition, a reasonable investor would view the information identified

above which has been omitted from the Solicitation Statement as altering the "total mix" of information made available to stockholders.

41. Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

42. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff, and Plaintiff will be deprived of his entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

<u>**COUNT II**</u>
**Violations of Section 14(d)(4) of the Exchange Act and
Rule 14d-9 Promulgated Thereunder
(Against All Defendants)**

43. Plaintiff repeats and re-alleges each allegation set forth above as if fully set forth herein.

44. Defendants have caused the Solicitation Statement to be issued with the intention of soliciting stockholder support of the Tender Offer.

45. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

46. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which render the Solicitation Statement false and/or misleading.

47. Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

48. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and Plaintiff will be deprived of his entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

## COUNT III

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

49. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

50. The Individual Defendants acted as controlling persons of Trecora within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as directors of Trecora, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Trecora, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

51. Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior

to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

52. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Trecora, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Solicitation Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction. The Individual Defendants were thus directly involved in the making of the Solicitation Statement.

53. In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Solicitation Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

54. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

55. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(d) and (e), by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

56. Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Solicitation Statement;

A. Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

B. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

C. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

D. Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: May 31, 2022                **MELWANI & CHAN LLP**

/s *Gloria Kui Melwani*
Gloria Kui Melwani (GM5661)
1180 Avenue of the Americas
New York, New York 10036

Tel: (212) 382-4620
Email: gloria@melwanichan.com

*Attorneys for Plaintiff*